AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Carlos Alfredo Mero-Delgado and<br>Jesus Angel Mero-Delgado<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No.<br><br>8:23MJ1756TGW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **June 9, 2023** in the county of **Hillsborough** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) | While aboard a vessel subject to the jurisdiction of the United States, did knowingly and willfully combine, conspire, and agree with each other and with other persons to distribute, and possess with the intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Ashley N. McKay, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 06/16/2023

*Judge's signature*

City and state: Tampa, Florida

THOMAS G. WILSON, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Ashley N. McKay, being duly sworn, deposes and states the following:

1. I have been a Special Agent with the Coast Guard Investigative Service ("CGIS") since 2013. I am a graduate of the Federal Law Enforcement Training Center, Criminal Investigator Training Program and numerous other training programs related to criminal investigations. I have been assigned as a Special Agent to the Operation Panama Express Strike Force since July 2020. Operation Panama Express is a Federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), United States Coast Guard ("USCG"), United States Attorney's Office (USAO) of the Middle District of Florida and CGIS. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. As a CGIS Special Agent, I have participated in numerous criminal investigations of individuals who are in violation of laws and statutes of the United States and the United States Code of Federal Regulations. I have been employed by the USCG for 21 years. Prior to becoming a Special Agent with CGIS, I was an Operations Specialist with the USCG, responsible for coordinating search and rescue

operations and enforcing local, state, and federal maritime law.

## Statutory Authority

3. This affidavit is submitted in support of a criminal complaint and the issuance of an arrest warrant for the following individual:

    a.    Carlos Alfredo **MERO-DELGADO**

    b.    Jesus Angel **MERO-DELGADO**,

both of whom are Ecuadorian nationals, who knowingly and willfully conspired to possess with the intent to distribute five kilograms or more of cocaine, a Schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and possessed with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Scheduled II controlled substance, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § Section 960(b)(1)(B)(ii).

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. The USCG has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

## Probable Cause

6.   On or about June 9, 2023, while on routine patrol in the Eastern Pacific Ocean, while conducting a separate law enforcement boarding, the United States Coast Guard Cutter (USCGC) STEADFAST located a go-fast vessel ("GFV") approximately 290 nautical miles south of Hautulco, Mexico in international waters. The GFV was approximately 400 yards from the USCGC STEADFAST when they launched a second over the horizon (OTH) boat to intercept the GFV.

7.   The USCGC STEADFAST conducted a brief pursuit of the GFV, which later became compliant, and the boarding team conducted right of approach (ROA) questioning. On approach, the boarding team noted the GFV displayed no indicia of nationality. Additionally, the boarding team observed a suspicious, enclosed forward compartment on the GFV, as well as visual bales of suspected contraband on the deck of the GFV.

8.   Both individuals on board, Carlos Alfredo **MERO-DELGADO** & Jesus Angel **MERO-DELGADO**, claimed Ecuadorian nationality for themselves and the vessel. Neither individual claimed to be the person-in-charge of the GFV.

9.   USCG District Eleven enacted the United States/Ecuador Bilateral agreement to confirm the vessel registry, commence forms exchange, and board the vessel under presumptive Flag State authority. The Ecuadorian Government could neither confirm nor deny registry of the vessel. The GFV was treated as without nationality, and subject to the jurisdiction of the United States. USCG STEADFAST boarding team conducted a full law enforcement boarding of the GFV, and visually

identified bales of suspected contraband on board. The boarding team conducted two narcotics identification tests on the visible suspected contraband onboard the GFV, and both tested positive for cocaine. The total at-sea weight of the packages on board was approximately 1,000 kilograms. Both mariners were taken into custody.

## Conclusion

10. Based on my training, experience, and knowledge of the investigation, I believe that there is probable cause to believe that the two defendants knowingly and willfully conspired with each other and other persons to possess with intent to distribute five kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503 and 70506, and Title 21, United States Code, Section 960(b)(1)(B)(ii), as described herein.

*[signature]*

Ashley N. McKay, Special Agent
Coast Guard Investigative Service

Sworn to and subscribed before me
This 16th day of June 2023 in Tampa, Florida.

*[signature]*

THOMAS G. WILSON
United States Magistrate Judge

4